## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MIKE VAUGHN CUSTOM SPORTS, INC.,
a Michigan corporation,

        Plaintiff,               Case No. 2:12-cv-13083-DML-MKM
                              Honorable David M. Lawson
vs.                           Magistrate Judge Mona K. Majzoub

CHRYSTEM "CHRIS" PIKU, an individual,
PIKU MANAGEMENT CO. d/b/a/
WORLDPRO GOALTENDING-USA,
a Michigan corporation, and
DENNIS DOMBROWSKI, an individual,

        Defendants.

| | |
|---|---|
| FOSTER, SWIFT, COLLINS AND SMITH, P.C. | THE WEINTRAUB GROUP, P.L.C. |
| Brian J. Renaud (P34987) | Arnold S. Weintraub (P22127) |
| Attorneys for Plaintiff | 24901 Northwestern Hwy., Ste. 311 |
| 32300 Northwestern Highway, | Southfield, Michigan 48075 |
| Suite 230 | T: 248-809-2005 |
| Farmington Hills, MI  48334 | F: 248-966-8405 |
| (248) 539-9900 | |
| | ELANA WEINTRAUB GLOETZNER, PLC |
| LAW OFFICE OF RILEY P. RICHARD | Elana H. Gloetzner (P62997) |
| Riley P. Richard (P23822) | 24901 Northwestern Hwy., Ste. 311 |
| Attorney for Defendant Dombrowski | Southfield, Michigan 48075 |
| 39040 West Seven Mile Road | T: 248-945-0902 |
| Livonia, MI 48152 | F: 248-945-1899 |
| (734) 542-9500 | elana@wgplc.com |
| | |
| | *Counsels for Defendant, Chrystem "Chris" Piku and Piku Management* |

1

**DEFENDANTS', CHRYSTEM "CHRIS" PIKU AND PIKU
MANAGEMENT CO. MOTION TO DISMISS COMPLAINT IN PART
PURSUANT TO FRCP 12(b)(6)**

*Now come* the above Defendants in the above captioned case and hereby move this Court pursuant to FRCP 12(b)(6) to dismiss Counts I, II, III, IV, V, VII, IX, and X, of the Amended Complaint for their failure to state a cause of action upon which relief can be granted.

It is contended that good and sufficient cause will be established hereinafter meriting the granting of this motion.

In addition, it is requested that attorney's fees and costs be provided in having to file this motion as to these Counts for the reasons set forth in the brief accompanying this motion.

It is also, requested that the Court grant these Defendants twenty-one (21) days to answer or otherwise plead as to the remaining Counts from the date of the Court's decision on this motion.

In accordance with Local Rule 7.1 acquiescence in this motion was sought from Plaintiff's counsel by placing a call to counsel as well as e-mailing a request for acquiescence on August 30, 2013, but such was denied.

Respectfully submitted,

Dated:   September 3, 2013        /s/Arnold S. Weintraub
                                 Arnold S. Weintraub (P22127)
                                 THE WEINTRAUB GROUP, P.L.C.
                                 24901 Northwestern Hwy., Suite 311
                                 Southfield, Michigan  48075
                                 T:  (248) 809-2005
                                 F:  (248) 996-8405
                                 aweintraub@weintraubgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MIKE VAUGHN CUSTOM SPORTS, INC.,
a Michigan corporation,

       Plaintiff,          Case No. 2:12-cv-13083-DML-MKM

                              Honorable David M. Lawson

vs.                         Magistrate Judge Mona K. Majzoub

CHRYSTEM "CHRIS" PIKU, an individual,
PIKU MANAGEMENT CO. d/b/a/
WORLDPRO GOALTENDING-USA,
a Michigan corporation, and
DENNIS DOMBROWSKI, an individual,

       Defendants.

---

| | |
|---|---|
| FOSTER, SWIFT, COLLINS AND SMITH, P.C.<br>Brian J. Renaud (P34987)<br>Attorneys for Plaintiff<br>32300 Northwestern Highway, Suite 230<br>Farmington Hills, MI  48334<br>(248) 539-9900 | THE WEINTRAUB GROUP. P.L.C.<br>Arnold S. Weintraub (P22127)<br>24901 Northwestern Hwy., Ste. 311<br>Southfield, Michigan 48075<br>T: 248-809-2005<br>F: 248-966-8405 |
| LAW OFFICE OF RILEY P. RICHARD<br>Riley P. Richard (P23822)<br>Attorney for Defendant Dombrowski<br>39040 West Seven Mile Road<br>Livonia, MI 48152<br>(734) 542-9500 | ELANA WEINTRAUB GLOETZNER, PLC<br>Elana H. Gloetzner (P62997)<br>24901 Northwestern Hwy., Ste. 311<br>Southfield, Michigan 48075<br>T: 248-945-0902<br>F: 248-945-1899<br>elana@wgplc.com<br><br>*Counsels for Defendant,*<br>*Chrystem "Chris" Piku and Piku*<br>*Management* |

<u>**BRIEF IN SUPPORT OF THE PIKU DEFENDANTS' MOTION TO**</u>
<u>**DISMISS COMPLAINT IN PART PURSUANT TO**</u>
<u>**FRCP 12(b)(6)**</u>

## <u>TABLE OF CONTENTS</u>

Pg.

Statement of Issue Presented…………………………………………………………4

Table of Authorities…………………………………………………………………..5

Controlling and Appropriate Authority…………………………………………6

Introduction…………………………………………………………………………..7

i

## <u>ISSUE PRESENTED</u>

1. Should the Court should dismiss Counts I, II, III, IV, V, VII, IX, and X, of
   Plaintiff's first amended complaint pursuant to FRCP 12(b)(6)?

   Piku Answers: Yes.

## TABLE OF AUTHORITIES

Cases                                                                                                    Pg.

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
113 F.3d 373, 381 (2nd Cir.1997) …….…………………………………………9

*Herman Miller, Inc. v. A. Studio, S.R.L.*, 2006 U.S. Dist.
Lexis 59210; 79 U.S.P.Q.2d 1905 (WD Mich. 2006)……………………9, 10, 12

*Kellogg Co. v. Exxon Corp.*, 209F.3d 562, 576 (6th Cir. 2000)…………………9

*Hormel Foods Corp. v. Jim Henson Products, Inc.*,
73 F.3d 497 (2d Cir. 1996)……………………………………………………9

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115-116 (2d Cir. 2001)………10

*Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
2012 U.S. Dist. Lexis 110974, 106 USPQ 2d 1756……………………….……….10

*Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 US 205, 216 (2000)………10

*Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*,
678 F.2d 642 (6th Cir. 1982)……………………………………...…………….12

*Burberry Limited v. Euro Moda, Inc. et al.* (2009) U.S. Dist. Lexis 53250……..12

*Hoge v. Honda of America, Mfg.*, 384 F.3d 238, 246 (6th Cir. 2004)…………..13

*McKesson Medical-Surgical, Inc. v. Micro Bio-Medics, Inc. et al*,
266 F. Supp 2d 590 (Ed Mich 2003)……………………………………………13

*In The Matter Of The Estate of Donna Mae Kurrle, et al v. Brian Kamidoi*,
(2011) Mich. App. Lexis 603 (Ct.App.) 2001…………………………………14

*Farm Credit Services, PCA, v. Weldon*, 232 Mich. App. 662, 680;
591 NW 2d 438 (1998)……………………………………………………14

<u>CONTROLLING AND APPROPRIATE AUTHORITY</u>

<u>Statutes</u>

15 U.S.C. 1125(a)……………………………………………...…8, 11, 13, 14

15 U.S.C. 1125(a)(1)(B)……………………………………...….…..9, 13

15 U.S.C. 1125(a)(1)(A)…………………………………...…………10

15 U.S.C. 1125(c)………………………...……………………...…12, 13, 14


<u>Rules</u>

FRCP 12(b)(6)………………………………………………...…7

## I.    INTRODUCTION

FRCP 12(b)(6) provides that a motion for failure to state a cause of action upon which relief can be granted may be asserted as a first responsive pleading. To that end, the present motion is presented.  As shown hereinafter, many of the Counts are either not well pled or simply have no basis in law.  Accordingly, it is requested that the Counts enumerated below be dismissed.

## BACKGROUND

By way of background, it is important for the Court to know that the Plaintiff, Vaughn Custom Sports, is a custom manufacturer of, inter alia, ice hockey goalie equipment including catchers, blockers, goalie pads, knee pads, etc. Plaintiff also manufactures other hockey paraphernalia but these other items are not within the scope of this litigation.  It is only the goal tending equipment and, specifically, catchers, blockers and pads that is involved in this case.

At one time the Piku Defendants were independent retailers of Vaughn goalie equipment, denoted as "outside retail sales agent" in the complaint.  The retailing business was an adjunct to Piku's principal business of a goal tending school which Mr. Piku started about 10 years ago.

During the period that Mr. Piku was a Vaughn retailer, students who wanted to purchase equipment from Mr. Piku, were supplied Vaughn equipment. Ultimately, there was a breakdown in the supplier-retailer relationship and the Plaintiff sued Mr. Piku for collection of monies.  That matter was resolved in 2010 shortly before the present action was initiated.

While a Vaughn retailer, Mr. Piku met Mr. Dombrowski, the co-defendant. Beginning in 2010, after Mr. Piku was terminated as a Vaughn retailer and Mr. Dobmrowski was fired by Mr. Vaughn, they developed a relationship whereby Mr. Piku would design goalie equipment for his students, as well as others, and Mr. Dombrowski would manufacture the equipment.

While the Plaintiff has attempted to imbue these Defendants with tortious conduct, however, as will be shown, the Amended Complaint is woven of whole cloth.

## COUNT I -TRADE DRESS INFRINGEMENT

## UNDER 15 U.S.C. 1125(a)

In this Count Plaintiff alleges that the Piku Defendants have infringed upon Plaintiff's trade dress.  In setting forth this Count, Plaintiff has boldly alleged that Plaintiff's products are distinctive, have acquired secondary meaning and that Plaintiff's trade dress is "non-functional".

Merely pleading that the trade dress is distinctive, non-functional and acquired secondary meaning, is insufficient.

"A Plaintiff must also offer a precise expression of the character and scope of the claimed trade dress." _Landscape Forms, Inc._ v. _Columbia Cascade Co._, 113 F.3d 373, 381 (2nd Cir. 1997). Plaintiff has failed to identify its alleged trade dress with any specificity. Even to the unsophisticated casual observer, clearly discernible differences that between the "Tim Thomas" equipment of Exhibit C and, Plaintiff's catalogs of Exhibit A attached to the complaint. Therefore, without the requisite specificity Count I should be dismissed.

## COUNT II – TRADEMARK DILUTION

## UNDER 15 USC § 1125 (a)(1)(B)

While trademark dilution can exist independent of infringement the requisite, legal criteria still must be met. _Herman Miller, Inc._ v. _A. Studio, S.R.L._, 2006 U.S. Dist. Lexis 59210; 79 U.S.P.Q.2d 1905 (WD Mich. 2006); _Kellogg Co._ v. _Exxon Corp._, 209F.3d 562, 576 (6th Cir. 2000)

"Dilution is grounded on the idea that a trademark can lose its ability…to clearly and unmistakably distinguish one source" through unauthorized use". (Emphasis Added) _Hormel Foods Corp._ v. _Jim Henson Products, Inc._, 73 F.3d 497 (2d Cir. 1996). Prior to the 2006 amended TDRA (Federal Trademark Dilution

Act), the Sixth Circuit adopted a five-part test for dilution claims, namely, the senior mark must be (1) famous and (2) distinctive; (3) the junior use must be in commercial use in commerce; (4) the junior use must begin after the senior mark has become famous and (5) the junior use must cause dilution of the distinctive quality of senior mark. *Herman Miller*, supra.

Since that time, the Courts have announced other criteria which are necessary to be pled in order to sustain a cause of action for dilution.  The law is well settled that a Plaintiff alleging infringement or dilution of unregistered trade dress must prove that its alleged trade dress is non-functional.  *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 115-116 (2d Cir. 2001); *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2012 U.S. Dist. Lexis 110974, 106 USPQ 2d 1756.  Similarly, the term "famous" under the TDRA has been defined by statute.  Plaintiff's trade dress is not famous.  *Urban Group*, supra. Count II, summarily fails to meet any of the elements necessary to be properly pled and should be dismissed.

## COUNT III – FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125 (a)(1)(A)

In *Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 US 205, 216 (2000) Judge Scalia explained that the distinctiveness requirement can be satisfied in one

5

of two ways, namely, that the product's design trade dress is inherently distinctive if its intrinsic nature serves to identify a particular source or if it has developed secondary meaning. Plaintiff has alleged secondary meaning but has not provided the requisite proof of secondary meaning.

While Plaintiff maintains that there is a false designation of origin, because, the Piku goalie foreleg pads, goalie catch glove and blocker glove were not designed by Defendant Piku, this alone is insufficient to maintain the cause of action.

As this Court is well aware the Sixth Circuit Court has set forth eight factors to consider determining whether or not there is an action to be deemed within the scope of 15 U.S.C. 1125(a) to establish a likelihood of confusion the Plaintiff must prove:

(1) the strength of Plaintiff's mark;

(2) relatedness of the goods;

(3) similarity of the mark;

(4) evidence of actual confusion;

(5) marketing channels used;

(6) likely degree of purchaser care;

(7) defendant's intent in selecting the mark; and

(8) likelihood of expansion of produce lines.

_Frisch's Restaurants, Inc._ v. _Elby's Big Boy of Steubenville, Inc._, 678 F.2d 642 (6th
Cir. 1982).

Plaintiff has failed to allege any of these factors, only the legal conclusion of
false designation of origin.

## COUNT IV – TRADE DRESS DILUTION

## 15 U.S.C. §1125(c)

As the Court is well aware the Trademark Dilution Revision Act of 2006
amended Title 15 to provide, inter alia, that "at any time <u>after the owner's mark has
become famous</u>, commences use of the <u>mark or trade name</u> in commerce that is
likely to cause dilution by blurring or dilution by tarnishment of the famous mark".
(Emphasis Added) _Burberry Limited_ v. _Euro Moda, Inc. et al._ (2009) U.S. Dist.
Lexis 53250.  No famous mark has been alleged, nor has there been any indication
whether or not this is trademark dilution by blurring or tarnishment.  The obvious
underlying reason for this is that there is no such recognized cause of action.
_Herman Miller_ v. _A. Studio S.R.L._, (2006) U.S. Dist. Lexis 59210; 79 U.S.P.Q 2d
(1905).

Section 1125(c) of Title 15 pertains solely to the owner of a famous mark.
<u>Trade dress is not a trade mark</u>, let alone, a famous mark.  Further, 15 USC §
1125(c), cannot be expanded to include trade dress in its interpretation of the 2006
FDTA.  In _Herman Miller_, supra, the Sixth Circuit has explained:

7

"The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter," citing _Hoge v. Honda of America, Mfg._, 384 F.3d 238, 246 (6th Cir. 2004).  Section (c) of 15 U.S.C. § 1125 is silent as to trade dress.  While trade dress protection can fall within the scope of 15 U.S.C. § 1125(a) and (b), it is excluded from section (c)

Plaintiff can point to no case within this jurisdiction where 15 U.S.C. § 1125 (c) has been extended and expanded to include claims for trade dress dilution. Therefore, this Count must be dismissed.


## <u>COUNT IX - BREACH OF DUTY OF LOYALTY</u>

As the complaint shows, Mr. Piku always operated as an independent retailer who sold Vaughn equipment in conjunction with his goalie school prior to the breakdown in their relationship.  Under Michigan law, in order to impose a duty of loyalty, ordinarily, such cause of action is associated with an employee. _McKesson Medical-Surgical, Inc._ v. _Micro Bio-Medics, Inc. et al_, 266 F. Supp 2d 590 (ED Mich 2003).  Furthermore, it appears on the face of the pleading that the Count is reposed in terms of trade secret misappropriation.  As Judge Duggan pointed out in _McKesson_, the MUTSA (Michigan Uniform Trade Secret Act) displaces any such claim.

8

## COUNT X - BREACH OF FIDUCIARY DUTY

The pleadings clearly establish that Mr. Piku was never a fiduciary of Plaintiff.  In the case of  *In The Matter Of The Estate of Donna Mae Kurrle, et al v. Brian Kamidoi*, (2011) Mich. App. Lexis 603 (Ct.App.) 2001.  The Michigan Court of Appeals defined a fiduciary relationship as "one where there is a reposing of faith, confidence, and trust and the placing of reliance by one on the judgment and advice of another".  *Farm Credit Services, PCA, v. Weldon*, 232 Mich. App. 662, 680; 591 NW 2d 438 (1998).  Again the complaint fails to show that Mr. Piku was a fiduciary.

## CONCLUSION

It is respectfully submitted to this Court that Plaintiff has failed to state any cause of action for the respective counts pointed out above as to the Piku Defendants.

As shown, there can be no trademark dilution under 15 U.S.C. § 1125(a) without a mark; there is no cause of action for trade dress dilution under 15 U.S.C. §1125(c); there is no breach of duty of loyalty; Piku was never a fiduciary of Vaughn; and no false designation of origin has occurred as pled.

Accordingly, it is respectfully requested that this Court dismiss Counts I, II, III, IV, V, VII, IX, and X and aware reasonable attorney fees and costs incurred in the bringing of the motion.

Respectfully submitted,

Dated:    September 3, 2013          /s/Arnold S. Weintraub
                                     Arnold S. Weintraub (P22127)
                                     THE WEINTRAUB GROUP, P.L.C.
                                     24901 Northwestern Hwy., Suite 311
                                     Southfield, Michigan  48075
                                     T:  (248) 809-2005
                                     F:  (248) 996-8405
                                     aweintraub@weintraubgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2013, I electronically filed the foregoing DEFENDANTS', CHRYSTEM "CHRIS" PIKU AND PIKU MANAGEMENT CO. MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ Carrie Pillette
Carrie Pillette
THE WEINTRAUB GROUP, P.L.C.
24901 Northwestern Hwy., Suite 311
Southfield, MI 48075
T:  (248) 809-2005
F:  (248) 996-8405
cpillette@weintraubgroup.com