# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MIKE VAUGHN CUSTOM SPORTS, INC.,
a Michigan corporation,

      Plaintiff,

vs.

CHRYSTEM "CHRIS" PIKU, an individual,
PIKU MANAGEMENT CO. d/b/a
WORLDPRO GOALTENDING - USA, a
Michigan corporation, DENNIS
DOMBROWSKI, an individual, and FACTORY MODIFICATION AND DESIGN,
LLC, a Michigan limited liability company,

      Defendants.

Case No. 2:12-cv-13083-DML-MKM

Honorable David M. Lawson
Magistrate Judge Mona K. Majzoub

---

FOSTER, SWIFT, COLLINS AND SMITH
Brian J. Renaud (P34987)
Attorney for Plaintiff
32300 Northwestern Hwy., Ste. 230
Farmington Hills, Michigan  48334
T: 248-539-9900
brenaud@fosterswift.com

Daryle Salisbury (P19852)
Attorney for Defendants Dombrowski and
Factory Modification and Design, LLC
24191 Westmont Court
Novi, MI  48374
T:  (248) 348-6820
darylesalisbury@att.net

THE WEINTRAUB GROUP, P.L.C.
Arnold S. Weintraub (P22127)
Co-Counsel for Defendants Piku and
Piku Management
24901 Northwestern Hwy., Ste. 311
Southfield, Michigan 48075
T: 248-809-2005
F: 248-966-8405
aweintraub@weintraubgroup.com

ELANA WEINTRAUB GLOETZNER, PLC
Elana H. Gloetzner (P62997)
Co-Counsel for Defendants Piku and
Piku Management
24901 Northwestern Hwy., Ste. 311
Southfield, Michigan 48075
T: 248-945-0902
F: 248-945-1899
elana@wgplc.com

---

## PIKU DEFENDANTS' MOTION PURSUANT TO FRCP 12(c) FOR PARTIAL JUDGMENT ON THE PLEADINGS

NOW COME Chrystem "Chris" Piku and Piku Management Co. d/b/a Worldpro Goaltending – USA (the "Piku Defendants") in the above-captioned matter, and hereby move this Court pursuant to Fed. R. Civ. P. 12(c) to dismiss Count V of the Plaintiff's Amended Complaint for their failure to state a cause of action upon which relief can be granted.

It is contended that good and sufficient cause will be established hereinafter meriting the granting of this motion.

In addition, it is requested that attorney's fees and costs be provided in having to file this motion as to these Counts for the reasons set forth in the brief accompanying this motion.

In accordance with Local Rule 7.1 acquiescence in this motion was sought from Plaintiff's counsel by placing a call to counsel, Brian Renaud, as well as e-mailing a request for acquiescence on July 21, 2014, but no response was received.

                                        Respectfully submitted,

Dated: <u>July 21, 2014</u>        /s/Arnold S. Weintraub
                                        Arnold S. Weintraub (P22127)
                                        THE WEINTRAUB GROUP, P.L.C.
                                        24901 Northwestern Hwy., Suite 311
                                        Southfield, Michigan 48075
                                        T: (248) 809-2005
                                        F: (248) 996-8405
                                        aweintraub@weintraubgroup.com

                                        Elana H. Gloetzner (P62997)
                                        ELANA WEINTRAUB GLOETZNER, PLC
                                        24901 Northwestern Hwy., Ste. 311
                                        Southfield, Michigan 48075
                                        T: (248) 945-0902
                                        elana@wgplc.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MIKE VAUGHN CUSTOM SPORTS, INC.,
a Michigan corporation,

       Plaintiff,                      Case No. 2:12-cv-13083-DML-MKM

vs.                                    Honorable David M. Lawson
                                         Magistrate Judge Mona K. Majzoub

CHRYSTEM "CHRIS" PIKU, an individual,
PIKU MANAGEMENT CO. d/b/a
WORLDPRO GOALTENDING - USA, a
Michigan corporation, DENNIS
DOMBROWSKI, an individual, and FACTORY MODIFICATION AND DESIGN,
LLC, a Michigan limited liability company,

       Defendants.

---

| | |
|---|---|
| FOSTER, SWIFT, COLLINS AND SMITH<br>Brian J. Renaud (P34987)<br>Attorney for Plaintiff<br>32300 Northwestern Hwy., Ste. 230<br>Farmington Hills, Michigan 48334<br>T: 248-539-9900<br>brenaud@fosterswift.com<br><br>Daryle Salisbury (P19852)<br>Attorney for Defendants Dombrowski and<br>Factory Modification and Design, LLC<br>24191 Westmont Court<br>Novi, MI 48374<br>T: (248) 348-6820<br>darylesalisbury@att.net | THE WEINTRAUB GROUP, P.L.C.<br>Arnold S. Weintraub (P22127)<br>Co-Counsel for Defendants Piku and<br>Piku Management<br>24901 Northwestern Hwy., Ste. 311<br>Southfield, Michigan 48075<br>T: 248-809-2005<br>F: 248-966-8405<br>aweintraub@weintraubgroup.com<br><br>ELANA WEINTRAUB GLOETZNER, PLC<br>Elana H. Gloetzner (P62997)<br>Co-Counsel for Defendants Piku and<br>Piku Management<br>24901 Northwestern Hwy., Ste. 311<br>Southfield, Michigan 48075<br>T: 248-945-0902<br>F: 248-945-1899<br>elana@wgplc.com |

---

**BRIEF IN SUPPORT OF THE PIKU DEFENDANTS' MOTION
PURSUANT TO FRCP 12(c) FOR PARTIAL JUDGMENT ON THE PLEADINGS**

# **TABLE OF CONTENTS**

Table of Contents ...................................................................................................i

Table of Authorities ............................................................................................. ii

Issue Presented .....................................................................................................1

Background ..........................................................................................................2

Standard of Review ..............................................................................................3

Argument..............................................................................................................3

**I.      There is No Controlling Law to Bring a Cause of Action for Trade Dress Infringement within Count V Under Michigan Common Law**......4

**II.     Plaintiff Has Failed to State a Cause of Action for Trade Dress Infringement Within Count V** .................................................................7

Conclusion ...........................................................................................................9

# **TABLE OF AUTHORITIES**

Cases

*Brown v. Philip Morris, Inc.,* 250 F.3d 789 (3d Cir. 2001) ....................................... 3

*Conley v. Gibson,* 355 U.S. 41 (1957) ....................................................................... 3

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1988) ............................. 2

*Moran v. Peralta Community College District*, 825 F. Supp. 891 (N.D. Cal. 1993) 2

Statutes

15 U.S.C. §1125(a) ................................................................................................... 7
15 U.S.C. §1125(a)(3) ............................................................................................... 7

Rules

Fed. R. Civ. P 12(c) .................................................................................................. 3
Fed. R. Civ. P 12(h)(2)(B) ........................................................................................ 3

# ISSUE PRESENTED

1. Should the Court strike the claim within Count V of Plaintiff's First Amended Complaint that pertains to trade dress infringement in paragraph 92 under Michigan common law pursuant to FRCP 12(c)?

Piku Answers: Yes.

## BACKGROUND

On September 3, 2013, Defendants Chrystem "Chris" Piku and Piku Management Company d/b/a WorldPro Goaltending-USA (collectively referred to as the "Piku Defendants"), brought their Motion under Fed. R. Civ. P. 12(b)(6) (Dkt.46) seeking to dismiss Counts I, II, III, IV, V, VII, IX and X of Plaintiff's Amended Complaint (Dkt.36).

On April 25, 2014, this Court entered its "Opinion and Order Granting in Part and Denying in Part Motion to Dismiss by Defendants Piku and Piku Management Company," which dismissed Counts I, II and IV, modified Count III, and denied the Motion as to Counts VII, IX and X.

The Court's Opinion and Order specifically provided that "[t]he amended complaint does not contain factual allegations that support the plaintiff's claims for trade dress infringement, trademark dilution, false promotion of goods, or trade dress dilution. However, the amended complaint states valid claims of false designation of origin, breach of duty of loyalty, and breach of fiduciary duty against the Piku defendants." (Dkt. 65, pg. 25).

Based upon the Court's ruling, it is believed that a dismissal, at least in part, of Count V is appropriate.

## STANDARD OF REVIEW

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion may be raised either when there is a failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim. Fed. R. Civ. P. 12(h)(2)(B). "Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action." *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993).

Despite the fact that Rule 12(c) differs in some particulars from Rule 12(b)(6), "a Rule 12(c) motion 'faces the same test as a motion under Rule 12(b)(6)'" *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Therefore, the dismissal of a claim is warranted only if it appears beyond a reasonable doubt that the asserting party "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). To that end, the present motion is presented.

## ARGUMENT

Rule 12(c) of the Federal Rules of Civil Procedure enables the Court to strike any cause of action when the claiming party has failed to state a claim upon

3

which relief can be granted at any time after the pleadings are closed, but early enough not to delay trial. At this time, there is no delay in trial if the Court were to dismiss Count V, at least in part, since it has no basis in law as to the specific allegations contained therewithin. In fact, it would be detrimental to the entire court proceeding if it were to allow a trial on a claim that has no basis to be heard in the first place. There are two fundamental reasons why the Court should dismiss, at least in part, Count V from the Amended Complaint.

### I. There is No Controlling Law to Bring a Cause of Action for Trade Dress Infringement within Count V Under Michigan Common Law.

First, there is no controlling case law that supports any cause of action for trade dress infringement under the common law of the State of Michigan. Michigan, like many states, does not have a statute that addresses trade dress infringement or dilution, and the State does not recognize a common law claim[1].

There is no recognized cause of action for trade dress infringement under Michigan common law. Thus, Count V in the complaint, which alleges "common law unfair competition **and trade dress infringement**," should be dismissed, at least in part, as to trade dress infringement as set forth in paragraph 92 of the

---

[1] In the Plaintiff's Response to the Dombrowski Defendant's Motion in Limine, Plaintiff has provided law governing unfair competition under Michigan common law for trade mark infringement, but failed to cite any law supporting a claim of trade dress infringement under Michigan common law.

4

Amended complaint. There is no basis in law under Michigan common law for such a tort.

In Plaintiff's Response to the Dombrowski Defendants' Motion in Limine, Plaintiff responded to Defendant Dombrowski's argument that evidence pertaining to Count V be excluded from trial, by providing citations to a number of cases regarding Unfair Competition under Michigan common law. (Dkt. 73, p. 8-9). Plaintiff states that "the heart of Count V is common law Unfair Competition, **not** Trade Dress Infringement, despite Count V's title." (Dkt. 73, p. 2) (Emphasis added).

In spite of admitting that Count V is not directed to trade dress infringement, Plaintiff attempts to minimize the importance of the claim of trade dress infringement within Count V by focusing the Court's attention on the claim of unfair competition, thereby merging two completely separate and unwarranted claims within a single cause of action. Plaintiff, in its response to Dombrowski, cites five (5) cases in support of a claim of unfair competition under Michigan common law and attempts to analogize this law to support a trade dress infringement cause of action under Michigan common law. (Dkt. 73, p. 7-8). While these cases do in fact demonstrate a valid cause of action of unfair competition under Michigan common law, not one of the cases cited are directed to

5

trade dress infringement. Each case, instead, involves allegations of common law trade mark infringement, a form of unfair competition[2].

To permit introduction of evidence purportedly attempting to establish trade dress infringement under the common law of Michigan certainly does not make any sense when no such cause of action exists, and – even if it did – the parallel federal count has been dismissed with prejudice. Therefore, it is urged that the Court dismiss Count V in part, similarly as it did in the Court's Opinion and Order by modifying Count III, to exclude any allegations relating to paragraph 92 pertaining to trade dress infringement under Michigan common law for its lack of merit and limit the Count to allegations presented in paragraphs 52 and 54 of the Plaintiff's Amended Complaint.

Plaintiff wrongfully stated in the Plaintiff Response to the Dombrowski Defendants' Motion in Limine that "the Court expressly [held] that Count V remains a sustainable cause of action in this case," but this is untrue. (Dkt. 73, p. 7). The Court has never stated Count V is a sustainable cause of action, but rather let it remain because of the failure for it to be argued in Piku Defendant's Rule 12(b)(6) motion.

---

[2] Common law trade mark infringement has never been pled and the Court has already previously dismissed each Federal Count pertaining to both trade mark and trade dress dilution, and trade dress infringement.

## II. Plaintiff Has Failed to State a Cause of Action for Trade Dress Infringement Within Count V.

Second, even assuming *arguendo* that a common law trade dress infringement claim does exist in the State of Michigan (which it does **not**), the exact same proofs that would be necessary to prove "common law trade dress infringement" are those proofs that the Court excluded when it dismissed, with prejudice, Count I of the Amended Complaint based upon alleged trade dress infringement under 15 U.S.C. § 1125(a). Again, the Court's Opinion and Order specifically provided, in summary, that "[t]he amended complaint does not contain factual allegations that support the plaintiff's claims for trade dress infringement, trademark dilution, false promotion of goods, or trade dress dilution." (Dkt. 65, pg. 25).

Further, "in a civil action for trade dress infringement under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional." 15 U.S.C. § 1125(a)(3). In the Court's Opinion and Order, the Court stated that even those elements Plaintiff alleged contribute to the "Vaughn Trade Dress" describe a specific and functional purpose and, therefore, would not accord it any trade dress protection. (Dkt. 65, p. 13).

In the "Opinion and Order Granting in Part and Denying in Part Motion to Dismiss by Defendants Piku and Piku Management Company," the Court stated

7

that Plaintiff failed to state a valid cause of action in Counts I and IV regarding trade dress infringement and trade dress dilution under the Lanham Act, and Plaintiff is now attempting to bring such a claim under Michigan common law in Count V by analogizing unfair competition through the use of a competing trade mark with that of trade dress.

## **CONCLUSION**

In view of the above argument, it is respectfully requested that the Court dismiss, at least in part, Count V of Plaintiff's Amended Complaint, with prejudice, for the reasons that it is both not well pled and there is simply no basis in law for such a cause of action to be brought under Michigan common law. Paragraph 92 of Count V should be limited, thereby pertaining only to unfair competition as presented in paragraphs 52 and 54 of the Plaintiff's Amended Complaint and not trade dress infringement and trade dress dilution previously dismissed in Counts I and IV by the Court.

Respectfully submitted,

Dated: July 21, 2014                   /s/ Arnold S. Weintraub
                                       Arnold S. Weintraub (P22127)
                                       THE WEINTRAUB GROUP, P.L.C.
                                       24901 Northwestern Hwy., Ste. 311
                                       Southfield, MI 48075
                                       T: (248) 809-2005
                                       aweintraub@weintraubgroup.com

                                       Elana H. Gloetzner (P62997)
                                       ELANA WEINTRAUB GLOETZNER, PLC
                                       24901 Northwestern Hwy., Ste. 311
                                       Southfield, Michigan  48075
                                       T: (248) 945-0902
                                       elana@wgplc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2014, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of records.


Dated:  July 21, 2014             /s/ Yolanda G. Mendoza
                                  Yolanda G. Mendoza
                                  The Weintraub Group, P.L.C.
                                  24901 Northwestern Hwy., Ste. 311
                                  Southfield, MI  48075
                                  T:  (248) 809-2005