UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE VAUGHN CUSTOM SPORTS, INC.,

        Plaintiff,                        Case Number 12-13083
                                                     Honorable David M. Lawson

v.

CHRYSTEM "CHRIS" PIKU, PIKU
MANAGEMENT CO. d/b/a WORLDPRO
GOALTENDING – USA, DENNIS
DOMBROWSKI, and FACTORY
MODIFICATION AND DESIGN, LLC,

        Defendants.
_____/

**OPINION AND ORDER ALLOWING PREJUDGMENT INTEREST**

On September 10, 2014, a jury returned a verdict in favor of the plaintiff on its claim arising under federal law for false designation of origin, and on its state law claims for unfair competition, breach of duty of loyalty, breach of fiduciary duty, and conspiracy. The jury awarded damages to the plaintiff against defendants Chrystem Piku and Piku Management Company (the Piku defendants) in the amount of $232,300, and against Dennis Dombrowski and Factory Modification and Design LLC (the Dombrowski defendants) in the amount of $89,900. The Court did not enter judgment at that time because the plaintiff's amended complaint also included a request for equitable relief. After the Court ordered supplemental briefs on the suitability and form of equitable relief, the plaintiff withdrew its request, but it asserted an entitlement to prejudgment interest. The defendants opposed that request and filed briefs.

The plaintiff argues that they are entitled to prejudgment interest on their state law claims because Michigan law requires it. *See* Mich. Comp. Laws § 600.6013 ("Interest is allowed on a money judgment recovered in a civil action . . . ."); *see also Hadfield v. Oakland Cnty. Drain Com'r,*

218 Mich. App. 351, 357, 554 N.W.2d 43, 46 (1996) (holding that "imposition of statutory interest pursuant to [Mich. Comp. Laws §] 600.6013 is mandatory and interest must be paid from the date the complaint was filed.").

The defendants argue that federal law governs, and the award of interest under federal law is discretionary.  *See Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*, 463 F. Supp. 2d 733, 740 (E.D. Mich. 2006) (holding that for claims brought under 15 U.S.C. § 1117(s), an award of prejudgment interest "is within the discretion of the trial court, but 'is normally reserved for 'exceptional' cases'" (quoting *Wynn Oil Co. v. Am. Way Service Corp.*, 61 F.3d 904, 1995 WL 431019, at *3 (6th Cir. 1995) (table))).  The defendants assert that the basis for subject matter jurisdiction over the case dictates the source of the law governing prejudgment interest.  They cite *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Insurance Company*, 421 F.3d 400 (6th Cir. 2005), where the court stated that "'[i]n diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest.'"  *Id.* at 409 (quoting *F.D.I.C. v. First Heights Bank*, FSB, 229 F.3d 528, 542 (6th Cir. 2000)).  And they reason that because the plaintiff filed its complaint invoking this Court's federal question jurisdiction (not diversity jurisdiction) for at least one of its claims, federal law must govern the award of prejudgment interest.

The defendants misperceive the application of the *Erie* doctrine.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938) (holding that federal courts must apply federal procedural rules and state substantive law when adjudicating state law claims).  It is not the basis of the federal court's subject matter jurisdiction, but rather the basis of the *claim* (state vs. federal), that prescribes the rules for decision.  Thus, it has been a long-established rule that "'[a] federal court exercising supplemental

jurisdiction over state law *claims* is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Chandler v. Specialty Tires of America (Tennessee), Inc.*, 283 F.3d 818, 823 (6th Cir. 2002) (emphasis added) (quoting *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999)). Consistent with that rule, "[w]here state law claims come before a federal court on supplemental jurisdiction, the award of prejudgment interest rests on state law." *Mills v. River Terminal Ry. Co.*, 276 F.3d 222, 228 (6th Cir. 2002); *see also Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 333 (6th Cir. 2007) (same); *Boynton v. Headwaters, Inc.*, 564 F. App'x 803, 816 (6th Cir. 2014) (same). There is a sound reason for that rule: when it comes to awarding prejudgment interest on particular claims, "'the courts of the state and the federal courts sitting within the state should be in harmony upon this point'." *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 497 (1941) (quoting *Mass. Benefit Ass'n v. Miles*, 137 U.S. 689, 691 (1891)).

The plaintiff won its verdicts against the defendants on both its federal claim and state law claims. The plaintiff has withdrawn its request for interest on the federal claim, so the only issue remaining is whether it is entitled to prejudgment interest on its state law claims. Clearly it is. As noted earlier, an award of prejudgment interest is "mandatory" under state law. *Hadfield,* 218 Mich. App. at 357, 554 N.W.2d at 46. Under the applicable Michigan statute, prejudgment interest is awarded "from the date of filing the complaint" and is "calculated on the entire amount of the money judgment, including attorney fees and other costs." Mich. Comp. Laws § 600.6013(8). The interest is "calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the

6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually." *Ibid.*

In its supplemental brief, the plaintiff has calculated the rate of interest yielded by the statutory formula; the defendants take no issue with that calculation. The formula yields a prejudgment interest award from July 13, 2012, when the complaint was filed, through September 26, 2014 of $10,660.82, plus $17.45 per day until the judgment is entered, against the Piku defendants; and $4,125.72, plus $6.75 per day until the judgment is entered, against the Dombrowski defendants through September 26, 2014. The Court has no reason to disagree with those figures.

Accordingly, it is **ORDERED** that the plaintiff may recover prejudgment interest in the amounts stated herein.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated: November 17, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2014.

                                        s/Susan Pinkowski
                                        SUSAN PINKOWSKI