UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE VAUGHN CUSTOM SPORTS, INC.,

        Plaintiff,                      Case Number 12-13083
                                              Honorable David M. Lawson

v.

CHRYSTEM "CHRIS" PIKU, PIKU
MANAGEMENT CO. d/b/a WORLDPRO
GOALTENDING—USA, DENNIS
DOMBROWSKI, and FACTORY MODIFICATION
AND DESIGN, LLC,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT SEPARATE FROM ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 58

This matter is before the Court on the plaintiff's motion for entry of judgment separate from order under Federal Rule of Civil Procedure 58. On September 10, 2014, a jury returned a verdict in favor of the plaintiff under the Lanham Act, 15 U.S.C. § 1125(a), and four of its five state law claims. The jury awarded damages to the plaintiff against the defendants in the amount of $322,200. Subsequently, the Court entered a judgment on the verdict under Rule 58(a).

On July 30, 2015, the Court entered an opinion and order awarding attorney's fees in favor of the plaintiff and against defendants Piku Management Co. d/b/a Worldpro Goaltending-USA, and Factory Modification and Design, LLC. The plaintiff is now asking the Court to enter a separate judgment from this Court's opinion awarding attorney's fees and costs. The plaintiff requests this relief because it is "concerned that without a separate judgment, court officers may be reluctant to carry out executions against [WorldPro Goaltending-USA]'s property, and that garnishees may be

reluctant to withhold amounts owing to [defendant WorldPro Goaltending-USA]." For the reasons stated below, the plaintiff's motion will be denied.

Federal Rule of Civil Procedure 58(a) states that "[e]very judgment and amended judgment *must* be set out in a separate document, but a separate document is *not required* for an order disposing of a motion . . . for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a)(3) (emphasis added). However, "[a] party may request that judgment be set out in a separate document *as required* by Rule 58(a)." Fed. R. Civ. P. 58(d) (emphasis added).

A plain reading of the rule suggests that Rule 58(d) is referring to the required portion of Rule 58(a). A motion for attorney's fees does not *require* a separate judgment. Indeed, some courts have explicitly declined to issue a separate judgment for attorney's fees because the order for attorney's fees is sufficient to allow parties to collect on the award. *See United States v. Bus. Recovery Servs.*, LLC, 2012 WL 3064253, at *1-2 (D. Ariz. July 26, 2012). Nonetheless, judges have issued a separate judgment for attorney's fees based on a request under Rule 58(d). *See Meier v. Green*, 2007 WL 3379695, at *1 (E.D. Mich. Nov. 14, 2007). In *Meier*, however, unlike here, the relief was warranted because the plaintiff had attempted, unsuccessfully, to collect attorney's fees awarded by the court. *Ibid.* Here, the plaintiff is simply speculating that it may run into trouble, and has not shown an actual difficulty collecting the attorney's fee award. If the plaintiff encounters problems, it may apply for an amended judgment, which would include the damages and attorney's fee award.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of judgment separate from order under Federal Rule of Civil Procedure 58 [dkt. #333] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 22, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI